# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| | | |
|---|---|---|
| GEORGE A. DEMPSEY | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. CV407-141 |
| ANN ELMORE, *Assistant District Attorney*; TOM EDENFIELD, *Municipal Court Judge, Garden City Municipal Court*; MICHAEL KARPF, *Chatham County Court*; JAVIER PORTALES, BEN SELPH, TIMOTHY R. MCMILLAN, STEVE STRATMAN, *Garden City Police Officers*; CHRIS NOLLINGER, *Port Wentworth Police Officer*; AL ST. LAWRENCE, *Chatham County Sheriff*; CHATHAM COUNTY SHERIFF'S DEPT., | ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

George Dempsey, a pretrial detainee at the Chatham County Jail, has filed a complaint pursuant to 42 U.S.C. § 1983 against various local governmental officials contending that he was denied a timely and reliable judicial determination of probable cause following his warrantless arrest on unspecified state criminal

charges. (Doc. 1.) The Prison Litigation Reform Act of 1995 (PLRA), Pub. L. No. 104-134, 110 Stat. 1321-71, requires the federal courts to screen all civil complaints in which a prisoner seeks redress from a government entity or official for the purpose of identifying "cognizable claims" and dismissing any claims that are frivolous or malicious, fail to state a claim upon which relief can be granted, or seek monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915A. The Court will therefore examine plaintiff's complaint to determine whether he has stated a claim for relief under 42 U.S.C. § 1983.

Dempsey states that he was subjected to a warrantless arrest at 1:30 a.m. on May 18, 2006 and placed in the Chatham County Jail. (Doc. 1 at 5.) Some twelve hours later, an unidentified magistrate came to the jail and "read" the "charges" to Dempsey but did not conduct any type of probable cause hearing at that time.[1] (Id.) Not until July 12, 2006—nearly two months after his arrest—did the "same magistrate" issue an arrest warrant. (Id.)

---

[1] The magistrate informed Dempsey that, due to the nature of the charges, only a Superior Court Judge would be able to set bond in his case. Dempsey does not explain what charges he faces or when formal charges were filed against him. (Doc. 1 at 5.)

2

Dempsey contends that while this warrant was purportedly based on an affidavit establishing probable cause, in actuality the affidavit simply set forth the unsupported "conclusion" that he had committed the charged offense without providing any facts from which the magistrate could make an independent assessment of probable cause.

Dempsey contends that "Chatham County" has a "policy and practice" of not conducting timely probable cause determinations following warrantless arrests and of allowing arrest warrants to be based upon affidavits that fail to establish probable cause, in violation of his Fourth Amendment rights. (Id.) He seeks both damages and injunctive relief requiring the county to afford fair and reliable probable cause determinations "within the time allowed by law." (Id. at 6.)

## I. ANALYSIS

It is well established that individuals subjected to a warrantless arrest are entitled by the Fourth Amendment to a prompt judicial determination of probable cause as a prerequisite to

3

any extended restraint of their liberty following arrest. Gerstein v. Pugh, 420 U.S. 103, 114, 125 (1975); County of Riverside v. McLaughlin, 500 U.S. 44, 53 (1991) (under Gerstein, "persons arrested without a warrant must promptly be brought before a neutral magistrate for a judicial determination of probable cause").[2] It is equally settled that a violation of this Fourth Amendment right affords an arrestee with a cause of action under § 1983. See, e.g., Riverside, 500 U.S. at 47; (§ 1983 class action challenging manner in which county provided probable cause determinations following warrantless arrests); Gerstein, 420 U.S. at 107, n. 5 (same); Lopez v. City of Chicago, 464 F.3d 711, 722 (7th Cir. 2006); Cherrington v. Skeeter, 344 F.3d 631 (6th Cir. 2003); Tilson v. Forrest City Police Dep't, 28 F.3d 802, 812 (8th Cir. 1994); Hallstrom v. City of Garden City, 991 F.2d 1473, 1480-83 (9th Cir. 1993). Thus, Dempsey's assertion that he was denied a timely determination of probable cause following his warrantless arrest

---

[2] Riverside held that "a jurisdiction that provides judicial determinations of probable cause within 48 hours of arrest will, as a general matter, comply with the promptness requirement of Gerstein." 500 U.S. at 56. Where a probable cause determination does not occur within 48 hours of a warrantless arrest, "the burden shifts to the government to demonstrate the existence of a bona fide emergency or other extraordinary circumstance." Id. at 57.

states a potential claim for relief in this Court, even though his state criminal case is still pending.³

There is a critical problem with Dempsey's complaint, however, that requires its dismissal under § 1915A. Nowhere in his complaint does Dempsey ever mention any of the named defendants.⁴ The only named defendant that is even potentially

---

³ In Younger v. Harris, 401 U.S. 37 (1971), a state arrestee filed an action in federal court seeking to enjoin his prosecution under a state criminal statute that allegedly violated his federally-guaranteed right to free speech. Applying principles of equity and federalism, Younger held that a federal court may not enjoin a state criminal proceeding unless there is a "great and immediate" danger of irreparable injury as a result of the prosecution. Id. at 46. This standard cannot be met if "the threat to the plaintiff's federally protected rights . . . [can be addressed] by his defense against a single criminal prosecution." Id. As Gerstein made clear, however, the Younger doctrine does not bar a state detainee's claim that he has been denied a timely judicial determination of probable cause, for such a claim is not directed at the state prosecution "as such" and presents "an issue that could not be raised in defense of the criminal prosecution." Gerstein, 420 U.S. at 108 n.9. On the other hand, Dempsey's claim that the state magistrate issued an arrest warrant upon a defective affidavit that failed to establish probable cause is subject to the Younger bar, for such a claim touches on the merits of his prosecution and can be raised by Dempsey in the state court in defense of that prosecution.

⁴ Plaintiff identified nine defendants in his initial complaint: an assistant district attorney, two judges, and six police officers. (Doc. 1 at 4.) Plaintiff later moved to add Chatham County Sheriff Al St. Lawrence and the "Sheriff['s] Department" as defendants. (Doc. 9.) Plaintiff's motion to add these defendants is **GRANTED**. In his motion Dempsey suggests that Sheriff St. Lawrence is "responsible in part for violating [his] Fourth Amendment right to a prompt probable cause" determination. However, he never alleges that the sheriff was personally involved in the constitutional deprivation or was even aware that defendant's rights had been violated. (Doc. 9); see Brown v. Crawford, 906 F.2d 667, 671 (11th Cir. 1990) (noting that a § 1983 plaintiff

referenced in the initial complaint is the unidentified "magistrate" who came to the County Chatham Jail soon after Dempsey's arrest and who, many weeks later, issued a warrant for his arrest. (Id. at 5.) While it is conceivable that this reference to an unidentified magistrate is meant to refer to defendant Tom Edenfield, a local Municipal Court judge,[5] Dempsey never makes this connection clear, leaving this Court to speculate as to the identity of the described "magistrate." A civil complaint, however, requires more than a mere speculative claim for relief in order to satisfy the pleading requirements of the Federal Rules of Civil Procedure. Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1965 (2007) (a pleading's "[f]actual allegations must be enough to raise a right to relief above

---

must demonstrate either that the individual defendant directly participated in the alleged constitutional deprivation or that there is some other causal connection between the official's acts or omissions and the alleged constitutional deprivation). Accordingly, Dempsey has failed to state a claim against Sheriff St. Lawrence. Also, the Chatham County Sheriff's Department is not a proper legal entity subject to suit. Lesikar v. Med. Staff, 2002 WL 441404, at *4 (N.D. Tex. Mar. 19, 2002) (§ 1983 plaintiff may not sue sheriff's department, which lacks a distinct legal existence); see Lovelace v. DeKalb Cent. Prob., 144 F. App'x 793, 795 (11th Cir. 2005) (county police department not a legal entity subject to suit under § 1983).

[5] As a Municipal Court judge, Edenfield is authorized to issue arrest warrants, set bond, and conduct probable cause hearings. O.C.G.A. § 36-32-3; Garden City, Ga., Code of Ordinances, §§ 4.13, 4.16; Port Wentworth, Ga., Code of Ordinances § 32; Bloomingdale, Ga., Code of Ordinances § 3.04.

the speculative level"). In order to state a claim for relief, a plaintiff must make clear that the named defendant is responsible for the acts or omissions alleged in the complaint. This Dempsey fails to do, for although he names two judges as defendants, he never identifies either of these judges as the offending "magistrate" who allegedly denied him a timely and appropriate probable cause determination following his warrantless arrest.

Similarly, while Dempsey names six police officers as defendants, he never once references any of these officers in the "statement of claim" section of his form complaint. (Doc. 1 at 5.) Indeed, at no point in the body of his complaint does Dempsey even refer to any conduct by a police officer, other than stating that he was "arrested" on May 18, 2006.[6] Nor has Dempsey described any conduct by Assistant District Attorney Ann Elmore that violated

---

[6] While Dempsey does use the term "false arrest" at one point, he never alleges that the arresting officers in fact lacked probable cause to arrest him or identifies which defendant or defendants were responsible for his warrantless arrest. (Doc. 1 at 5); see generally Wallace v. Kato, 127 S. Ct. 1091, 1095-96 (2007). The thrust of his complaint is that there was an untimely (and improper) *judicial* determination of probable cause, not that the officer or officers who effected his arrest lacked reasonable grounds to believe that he had committed a crime. Unlike a false arrest claim, a Gerstein claim may be asserted in a § 1983 case even where the police had probable cause for the arrest. Webster v. Gibson, 913 F.2d 510, 513 (8th Cir. 1990).

7

any of his constitutional rights. Dempsey, therefore, has failed to state a claim for relief against any of the named defendants.[7]

Dempsey does allege in his complaint that "Chatham County" has a policy and practice of denying arrestees a timely and "fair and reliable" determination of probable cause, and he asks the Court to require Chatham County "to comply with the law." (Doc. 1 at 5, 6.) Dempsey, however, has not named Chatham County as a defendant in this case. (Id. at 4.) While this Court gives a liberal reading to all pro se complaints, it cannot tell a plaintiff whom to sue or sua sponte amend a prisoner's pleading to add a party he chose not to name as a defendant.

---

[7] Additionally, the Court notes that ADA Ann Elmore, Judge Michael Karpf, and Judge Tom Edenfield are immune from suit. Imbler v. Pachtman, 424 U.S. 409, 431 (1976) (holding that "in initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under § 1983"); see also Shabazz v. Summers, 2007 WL 2988344, at *2 (M.D. Ala. Oct. 10, 2007) (noting that "[t]his immunity is applicable even where the prosecutor acts . . . 'without probable cause'") (quoting Henry v. Farmer City State Bank, 808 F.2d 1228, 1237 (7th Cir. 1986)); Jenkins v. Clerk of Court, U.S. Dist. Court, S. Dist. of Fla., 150 F. App'x 988, 990 (11th Cir. 2005) (noting that "[j]udges have absolute immunity from civil actions for the performance of judicial acts as long as they are not done in the clear absence of jurisdiction").

## II. CONCLUSION

Dempsey has failed to state a claim for relief under 42 U.S.C. § 1983 against any of the individuals named as defendants in his complaint. Accordingly, his complaint should be **DISMISSED**.

**SO REPORTED AND RECOMMENDED** this 4th day of June, 2008.

/s/ G.R. SMITH
**UNITED STATES MAGISTRATE JUDGE**
**SOUTHERN DISTRICT OF GEORGIA**