# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| | | |
|---|---|---|
| GEORGE A. DEMPSEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CV407-141 |
| | ) | |
| ANN ELMORE, *Assistant District Attorney*; TOM EDENFIELD, *Municipal Court Judge, Garden City Municipal Court*; MICHAEL KARPF, *Chatham County Court*; JAVIER PORTALES, BEN SELPH, TIMOTHY R. MCMILLAN, STEVE STRATMAN, *Garden City Police Officers*; CHRIS NOLLINGER, *Port Wentworth Police Officer*; AL ST. LAWRENCE, *Chatham County Sheriff*; CHATHAM COUNTY SHERIFF'S DEPT., | ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

# <u>ORDER</u>

George A. Dempsey has filed a motion to appoint counsel and a motion to amend his complaint, which he filed pursuant to 42 U.S.C. § 1983. (Docs. 4, 5.) In addition, Willie Frank Jones, who is not a party to this action, has moved to join Dempsey's case and to

convert it into a class action. (Doc. 8.) For the following reasons, the motions are **DENIED**.

Although the court does not doubt that appointment of an attorney would likely further the efficient and prompt disposition of this case, as a general rule there is no entitlement to appointed counsel in a civil rights action brought pursuant to 42 U.S.C. § 1983. Fowler v. Jones, 899 F.2d 1088, 1096 (11th Cir. 1990); Wahl v. McIver, 773 F.2d 1169, 1172 (11th Cir. 1986); Hardwick v. Ault, 517 F.3d 295, 298 (5th Cir. 1979). Court-appointed counsel in civil cases is warranted only in "exceptional cases." Steele v. Shah, 87 F.3d 1266, 1271 (11th Cir. 1996); Kilgo v. Ricks, 983 F.2d 189, 193 (11th Cir. 1993); Fowler, 899 F.2d at 1096. The "key is whether the pro se litigant needs help in presenting the essential merits of his or her position to the court. Where the facts and issues are simple, he or she usually will not need such help." Kilgo, 983 F.2d at 193. Here, Dempsey has shown the ability to draft a lucid and straightforward complaint and file appropriate motions. Therefore, his request for appointment of counsel is **DENIED**.

Dempsey's original complaint contends that he was denied a timely and reliable determination of probable cause following his warrantless arrest on unspecified state criminal charges. (Doc. 1.) In his motion to amend, he seeks to add a claim alleging that he suffered cruel and unusual punishment by "being placed in handcuffs into a very hot police car . . . with the windows sealed shut . . . by Officer Nollinger of the Portwentworth Police Dept. for over one hour." (Doc. 4 at 1.) Because this new claim is unrelated to the probable cause determination claim alleged in his original complaint, Dempsey's motion to amend his complaint to add this unrelated claim is **DENIED**. See Shepard v. Clarke County Police Dep't, 2008 WL 660336, at * 1 (M.D. Ga. Mar. 6, 2008) (denying motion to amend without prejudice where plaintiff sought to file an entirely different lawsuit from the one he initiated in his original complaint); Marsh v. Moore, 2007 WL 1695382, at * 1 (N.D. Fla. June 7, 2007).

Willie F. Jones' motion to join this case and convert it into a class action is **DENIED**. Jones' motion sets out, in an abbreviated manner, facts indicating that he, like Dempsey, was held for 48

hours or more without receiving a judicial determination of probable cause. (Doc. 8 at 1-2.) Jones asserts that because both he and Dempsey were subjected to the same Chatham County policy denying prompt probable cause hearings, he should be able to join Dempsey's action. Rule 20(a)(1) of the Federal Rules of Civil Procedure permits joinder of multiple plaintiffs in a single action if they assert a right to relief "with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and any question of law or fact common to all plaintiffs will arise in the action." Here, Jones simply has not made such a showing. Jones and Dempsey name entirely different defendants (Doc. 8 at 1; Doc. 1 at 4), and they were arrested by different police departments (Doc. 8 at 1; Doc. 1 at 5). Aside from their common detention in the Chatham County Jail, there is no unifying factor or factual narrative connecting the claims. As there is no indication that their claims arise from the same transaction or occurrence, or series of transactions or occurrences, Jones' motion to join this action is **DENIED**.

Finally, as Jones is not a party to this action, the Court need not consider his motion for class certification. Nevertheless, even if he were a party to the action, the request would be denied. One of the prerequisites for class action certification is a finding by the court that "the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). It is well settled that, except in very rare cases, pro se litigants do not possess the necessary training, competence, and experience to represent adequately the interests of a proposed class. Oxendine v. Williams, 509 F.2d 1405, 1407 (4th Cir. 1975) (finding it "plain error to permit [an] imprisoned litigant who is unassisted by counsel to represent his fellow inmates in a class action"); Hickson v. Burkhart, 110 F.R.D. 177, 178 n.1 (S.D. W. Va. 1986); Carlisle v. Sielaff, 62 F.R.D. 441, 442 (E.D. Ill. 1974); Jeffrey v. Malcolm, 353 F. Supp. 395, 397 (S.D.N.Y. 1973). The courts generally "consider the competence of a layman representing himself to be clearly too limited to allow him to risk the rights of others." Oxendine, 509 F.2d at 1407. Accordingly, the Court will not allow Dempsey, a prisoner proceeding pro se, to represent his fellow inmates.

For the foregoing reasons, Dempsey's motion to appoint counsel and his motion to amend his complaint is **DENIED**. Jones' motion to join Dempsey's case and to convert it into a class action is likewise **DENIED**.

**SO ORDERED** this  5th  day of June, 2008.

/s/ G.R. SMITH
**UNITED STATES MAGISTRATE JUDGE**
**SOUTHERN DISTRICT OF GEORGIA**