U. S. DISTRICT COURT
Southern District of Ga.
Filed in Office
3:05 P.M
October 3, 2008
Deputy Clerk

IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

GEORGE A. DEMPSEY, )
)
    Plaintiff, )
)
v. )
) CASE NO. CV407-141
ANN ELMORE, et al., )
)
    Defendants. )
)

## O R D E R

Before the Court are the Magistrate Judge's Report and Recommendations (Doc. 10) and Plaintiff Dempsey's Objections (Doc. 13). In addition, Plaintiff has filed a Motion to Reconsider (Doc. 16) and a Motion to Amend Deficiencies (Doc. 17). The Court must liberally construe pro se pleadings. Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998) ("Pro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed.") Therefore, the Court will construe Plaintiff's Objections and Motions as one amended complaint. After careful review of all of Plaintiff's filings, the Court **REJECTS** the recommendation of the Magistrate Judge.[1] Accordingly,

---

[1] This Court does recognize that the Magistrate Judge was without the benefit of Plaintiff's additional filings,

Plaintiff's claims against Judge Michael L. Karpf, Judge Tom Edenfield, and the Chatham County Sheriff's Department are **DISMISSED**. At this early stage, Plaintiff does state colorable claims against Assistant District Attorney Ann Elmore, Officer Javier Portales, Officer Ben Selph, Officer William Toole, Officer Chris Nollinger, Officer Timothy McMillan, Officer Steve Stratman, and Chatham County.

## BACKGROUND

Plaintiff, an inmate currently incarcerated at Coastal State Prison in Garden City, Georgia, has filed a Complaint pursuant to 42 U.S.C. § 1983. Plaintiff has named as defendants Assistant District Attorney Ann Elmore, Garden City Municipal Court Judge Tom Edenfield, Chatham County Court Judge Michael Karpf, Officer Javier Portales, Officer Ben Selph, Officer Timothy R. McMillan, Officer Steve Stratman, Officer Chris Nollinger, Chatham County Sheriff Al St. Lawrence, Chatham County Sherriff's Department, and Chatham County.[2]

Plaintiff contends that various government officials and entities denied him a timely judicial determination of

---

which helped to cure the deficiencies identified by the Magistrate Judge.
[2] The Court **GRANTS** Plaintiff's Motion to Amend/Correct Complaint (Doc. 9) by adding Defendants St. Lawrence and Chatham County Sherriff's Department. In addition, the Court finds that Plaintiff did name Chatham County as a defendant in his Complaint.

probable cause following his warrantless arrest. He further claims that local law enforcement officers gave knowingly false affidavits in connection with later warrants issued for his arrest. In addition, Plaintiff alleges that a Defendant Nollinger subjected Plaintiff to cruel and unusual punishment by placing him "in a hot car with heat on in the summer season with the windows rolled up." (Doc. 13 at 2.)

## Analysis

A prisoner proceeding in a civil action against officers or employees of government entities must comply with the mandates of the Prison Litigation Reform Act, 28 U.S.C. §§ 1915 & 1915A. Section 1915A requires a district court to screen the complaint for cognizable claims as soon as possible after docketing. The court must dismiss any portion of the complaint that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)-(2).

### A. Assistant District Attorney Elmore

Plaintiff alleges that Defendant Elmore violated his constitutional rights by falsely testifying at Plaintiff's bail hearing. (Doc. 13 at 5.) As a prosecutor, Defendant Elmore enjoys absolute immunity for actions taken while

3

acting in her capacity as an advocate for the government. Rivera v. Leal, 259 F.3d 1350, 1353 (11th Cir. 2004) (citing Buckley v. Fitzsimmons, 509 U.S. 259, 273 (1993)). Outside of the courtroom, a prosecutor is shielded from liability while performing acts related to the initiation or pursuit of criminal prosecutions. Id. (citing Imbler v. Pachtman, 424 U.S. 409, 431 (1976)). In addition, a prosecutor acts in her official capacity during most appearances in the courtroom, including the examination of witnesses and presentation of evidence. Id. However, a prosecutor is not functioning as an advocate for the government when she is before a court as a complaining witness. Id. (citing Kalina v. Fletcher, 522 U.S. 118, 129–31 (1997)).

It appears that Plaintiff has alleged that Defendant Elmore acted outside of her role as prosecutor by "testif[ing] about what the plaintiff did or did not do when she wasn't even sure what the circumstances of the case were." (Doc. 13 at 5.) Liberally construing Plaintiff's filings, it appears that he has alleged facts that, if true, would negate Defendant Elmore's prosecutorial immunity and expose her to potential liability under § 1983 for providing false testimony

4

concerning Plaintiff. Therefore, Plaintiff's claim against Defendant Elmore survives this initial screening process.

**B. Judge Tom Edenfield and Judge Michael Karpf**

Plaintiff alleges that Defendant Judge Edenfield violated Plaintiff's constitutional right to a probable cause hearing within 48 hours of arrest. (Doc. 13 at 3.) Further, Plaintiff alleges that Defendant Judge Karpf violated his constitutional rights because Defendant Judge Karpf lacked jurisdiction to hear the case due to Defendant Judge Edenfield's failure to hold a timely probable cause hearing. (Id.) The Court will not discuss the specifics of Plaintiff's claims because it finds that both Defendants enjoy absolute immunity from prosecution.

Courts apply a two-part test when determining whether a judge is protected by judicial immunity. Harris v. Deveaux, 780 F.2d 911, 914 (11th Cir. 1986) (citing Stump v. Sparkman, 435 U.S. 349, 362 (1978)). First, judicial immunity only applies where the judge interacted with the plaintiff in a judicial capacity. Id. Second, even where the judge acted in her judicial capacity, judicial immunity will not apply where she acted in the "'clear absence of all jurisdiction.'" Id. (quoting Stump, 435 U.S. at 357).

In determining whether a judge acted in her judicial capacity, courts primarily look to four factors: (1) did

the alleged constitutional violation occur as part of a normal judicial function; (2) did the alleged events take place in the judge's chambers; (3) did the acts occur as part of a case pending before the judge; and (4) did the alleged violation arise "directly and immediately out of a visit to the judge in his official capacity?" Id. (quoting Harper v. Merckle, 638 F.2d 848, 858 (5th Cir. 1981)).

Plaintiff has failed to allege any act that would fall outside of these four factors. Based on Plaintiff's complaint, each interaction Plaintiff had with Defendants Judge Edenfield and Judge Karpf would have been in the normal course of their judicial function. Except for the allegation that Defendant Judge Edenfield read the charges to Plaintiff while he was in a cell (Doc. 1 at 5), Plaintiff has not alleged that any proceeding took place outside of the Judges' chambers. Furthermore, the alleged acts involved a case pending before each judge and were directly related to an official proceeding before that judge. Therefore, based on the allegations, Plaintiff dealt with Defendants Judge Edenfield and Judge Karpf in their official capacity as judges.

Under the second prong of the test, Defendants Judge Edenfield and Judge Karpf can still be liable if they acted in the clear absence of all jurisdiction. Plaintiff argues

that Defendants Judge Edenfield and Judge Karpf were acting without jurisdiction. However, Plaintiff can satisfy this part of the test only with a showing that Defendant Judges completely lacked subject matter jurisdiction over the controversy. Id. at 916 (citing Dykes v. Hosemann, 776 F.2d 942 (11th Cir. 1985) (en banc)). In determining the applicability of judicial immunity, the Court must broadly construe the scope of a judge's jurisdiction. Stump, 435 U.S. at 356.

In Stump, the Supreme Court provided an excellent example readily applied to this case. Where a probate judge, responsible for only wills and trusts, proceeds to try a criminal case, the judge would be acting in the clear absence of all jurisdiction and would not be immune for liability from his actions. Id. at 357 n.7 (citing Bradley v. Fischer, 80 U.S. (13 Wall.) 335, 352 (1872)). In other words, liability would attach because the probate judge is not authorized to handle any criminal matter. On the other hand, "if a judge of a criminal court should convict a defendant of a nonexistent crime, he would merely be acting in excess of his jurisdiction and would be immune." Id. In that case, the criminal judge, while lacking the power to try a defendant for a crime he did not commit, does have authorization to handle all criminal matters. It is the

fact that a criminal trial comes within the realm of activities a criminal judge is authorized to handle that the criminal judge is immune but a probate judge is not.

In this case, Plaintiff does not allege that Defendant Judges acted in the clear absence of <u>all</u> jurisdiction. Instead, Plaintiff alleges that Defendant Judges acted without jurisdiction by erroneously failing to hold timely probable cause determinations. Plaintiff mistakenly reasons that the failure to hold timely determination divests Defendant Judges of jurisdiction to hear his case. However, Plaintiff's allegations, if true, amount to an act in excess of jurisdiction because Defendant Judges clearly had authority to preside over all aspects of criminal cases.[3] Even if Defendant Judges erroneously held probable cause determinations outside of 48 hours after Plaintiff was arrested, they were not acting in the clear absence of all jurisdiction. Therefore, Plaintiff's claims against Defendant Judges are **DISMISSED** because Defendant Judges are entitled to judicial immunity.

---

[3] As a Municipal Court Judge, Defendant Judge Edenfield is authorized to issue arrest warrants, set bond, and conduct probable cause hearings. O.C.G.A. § 36-32-3. As a Superior Court Judge, Defendant Judge Karpf is granted jurisdiction over criminal cases. O.C.G.A. § 15-6-8.

## C. Police Officers

Plaintiff alleges that Defendant Officers violated his constitutional rights by falsely arresting him without probable cause (Doc. 1 at 5), swearing to false arrest affidavits (Doc. 13 at 2–3), and failing to present him before a judge for a probable cause determination within 48 hours of arrest (Id. at 2). In addition, Plaintiff alleges that Defendant Nollinger subjected him to cruel and unusual punishment by placing him in a hot, unventilated car. (Doc. 13 at 2.)

### 1. False Arrest

An arrest without probable cause is unconstitutional and may expose the arresting officer to liability under § 1983. See Jones v. Cannon, 174 F.3d 1271, 1283 (11th Cir. 1999). While the Defendant Officers may be protected by qualified immunity, Plaintiff has sufficiently stated a claim that, if true, would entitle him to relief under 42 U.S.C. § 1983 and 28 U.S.C. § 1915A.

### 2. False Arrest Affidavits

It is a clear constitutional violation for an officer to knowingly make false statements in an arrest affidavit concerning the presence of probable cause. See id. at 1285. Furthermore, an officer is not entitled to qualified immunity for such an act because it has long been a clear,

9

well-established constitutional violation. Id. (citing Malley v. Briggs, 475 U.S. 335, 344–45 (1986), Whiting v. Traylor, 85 F.3d 581, 585 n.5 (11th Cir. 1996), Kelly v. Curtis, 21 F.3d 1544 (11th Cir. 1994)). Based on his allegations, Plaintiff has sufficiently stated a claim that, if true, would entitle him to relief under 42 U.S.C. § 1983 and 28 U.S.C. § 1915A.

### 3. Failure to Provide Plaintiff with a Timely Probable Cause Determination

Following a warrantless arrest, individuals have a right to a prompt judicial determination of whether the arresting officer had probable cause to make the arrest before the government can place any extended restraint on the individual's liberty. Gerstein v. Pugh, 420 U.S. 103, 114 (1975). In County of Riverside v. McLaughlin, the Supreme Court held that a probable cause determination held within 48 hours of arrest is presumptively valid. 500 U.S. 44, 53 (1991). However, where a probable cause determination does not occur within 48 hours, the government has the burden of showing it was prevented from making that determination by an emergency or extraordinary circumstance. Id. at 57. Failure to meet this burden may give rise to liability under § 1983. See Ortega v.

Christian, 85 F.3d 1521, 1526 (11th Cir. 1996) (citing Gerstein, 420 U.S. at 125).

Plaintiff has alleged that Defendant Officers failed to bring him before a magistrate for a probable cause determination within 48 hours of Plaintiff's arrest. Defendant Officers may be liable if they were either responsible for timely bringing Plaintiff before a magistrate and failed to do so, or impeded the responsible party from doing so. See Lambert v. McFarland, 612 F. Supp. 1252, 1261 (N.D. Ga. 1984). Therefore, Plaintiff has stated allegations that, if true, would entitle him to relief under 42 U.S.C. § 1983 and 28 U.S.C. § 1915A.

4. **Cruel and Unusual Punishment**

The Supreme Court has developed a two-prong test to determine if an individual has been subjected to cruel and unusual punishment while in the custody of the state.[4] First, "a prisoner must prove that the condition he complains of is sufficiently serious to violate the Eighth Amendment." Chandler v. Crosby, 379 F.3d 1278, 1289 (11th Cir. 2004) (citing Hudson v. McMillian, 503 U.S. 1, 8 (1992)). At a minimum, he must show that "a condition of

---

[4] The Court notes that Plaintiff complains about the conditions of his confinement in the police car immediately following his arrest, not that Officer Nollinger used excessive force in arresting Plaintiff.

his confinement 'pose[s] an unreasonable risk of serious damage to his future health' or safety." Id. (quoting Hudson, 503 U.S. at 35) (alteration in original). Second, a prisoner must show that "prison officials 'acted with a sufficiently culpable state of mind' with regard to the condition at issue." Id. (quoting Hudson, 503 U.S. at 8).

Plaintiff has alleged that Defendant Nollinger placed him in a hot, unventilated squad car in the heat of summer. Such a condition may present an unreasonable risk to Plaintiff's health and safety. Therefore, these allegations, if true, would entitle Plaintiff to relief under 42 U.S.C. § 1983 and 28 U.S.C. § 1915A.[5]

### D. Chatham County

A municipality can be held liable under 42 U.S.C. § 1983 only on "a showing that the alleged deprivation of rights was the result of a custom, pattern or practice of the municipality." Shelby v. City of Atlanta, 578 F. Supp. 1368, 1370 (N.D. Ga. 1984) (citing Monell v. N.Y. City Dep't of Soc. Servs., 436 U.S. 658 (1978)). Plaintiff has alleged that Chatham County has a policy and practice of failing to provide timely probable cause determinations

---

[5] It is has not gone unnoticed by the Court that this confinement presumably took place at night in the middle of May. While it is unlikely that Plaintiff would be able to prove this claim, he does make allegations that, if true, state a cause of action recognized under 42 U.S.C. § 1983.

12

following warrantless arrests. (Doc. 1 at 5.) In addition, Plaintiff claims that Chatham County has a practice of using false probable cause affidavits to obtain arrest warrants. These allegations, if true, would entitle Plaintiff to relief under 42 U.S.C. § 1983 and 28 U.S.C. § 1915A.

### E. Sheriff Al St. Lawrence

Plaintiff alleges that Sherriff St. Lawrence violated his Fourth Amendment right to a timely probable cause hearing following the warrantless arrest of Plaintiff. (Doc. 9.) A sheriff may be liable, in her individual capacity, under § 1983 for participating in constitutional violations. See Dean v. Barber, 951 F.2d 1210, 1215 n.5 (11th Cir. 1992). Therefore, as discussed above, Sherriff St. Lawrence may be liable if he was either responsible for timely bringing Plaintiff before a magistrate and failed to do so, or impeded the responsible party from doing so. See Lambert, 612 F. Supp. at 1261 (N.D. Ga. 1984). These allegations, if true, would entitle Plaintiff to relief under 42 U.S.C. § 1983 and 28 U.S.C. § 1915A.

### F. Chatham County Sherriff's Department

Plaintiff alleges that the Chatham County Sherriff's Department violated his Fourth Amendment right to a timely probable cause hearing. (Doc. 9.) However, "[s]heriff's

13

departments and police departments are not usually considered legal entities subject to suit." Dean, 951 F.2d at 1214. The capacity of a sheriff's department to be sued is "'determined by the law of the state in which the district court is held.'" Id. (quoting Fed. R. Civ. P. 17(b) (1992) (amended 2007)). Courts have previously held that, in Georgia, sheriff's departments are not legal entities that are subject to suit. See Lawal v. Fowler, 196 Fed. App'x 765, 768 (11th Cir. 2006) (unpublished), Lovelace v. Dekalb Cent. Probation, 144 Fed. App'x 793, 795 (11th Cir. 2005) (unpublished). Finding this authority persuasive, the Court holds that Plaintiff cannot state a valid claim against the Chatham County Sheriff's Department because it is not subject to suit under 42 U.S.C. § 1983. Accordingly, Plaintiff's claims against the Chatham County Sheriff's Department are **DISMISSED**.

## CONCLUSION

For the foregoing reasons, Plaintiff's claims against Judge Michael L. Karpf, Judge Tom Edenfield, and the Chatham County Sheriff's Department are **DISMISSED**. At this early stage, Plaintiff does state colorable claims against

14

Assistant District Attorney Ann Elmore,[6] Officer Javier Portales, Officer Ben Selph, Officer William Toole, Officer Chris Nollinger, Officer Timothy McMillan, Officer Steve Stratman, Chatham County, and Sheriff Al St. Lawrence. It is **HEREBY ORDERED** that a copy of Plaintiff's Complaint[7] and a copy of this Order shall be **SERVED** upon Defendants Elmore, Portales, Selph, Toole, Nollinger, McMillan, Stratman, Chatham County, and St. Lawrence by the United States Marshall without prepayment of cost. Any Defendant that elects to file a Waiver of Reply must file either a dispositive motion or an answer to the Complaint within thirty (30) days of the filing of the Waiver.

## INSTRUCTIONS TO DEFENDANTS

Because plaintiff is authorized to proceed in forma pauperis, service must be effected by the United States Marshal. Fed. R. Civ. P. 4(c)(2). In most cases, the marshal will first mail a copy of the complaint to the defendant by first-class mail and request that the defendant waive formal service of the summons. Fed. R. Civ. P. 4(d); Local Rule 4.7. Individual and corporate

---

[6] The claim against Defendant Elmore is limited to whether she falsely testified as a witness concerning the existence of probable cause to issue the arrest warrants.
[7] Plaintiff's Complaint includes his Motion to Amend/Correct Complaint (Doc. 9), Objections to Report and Recommendation (Doc. 13), Motion for Reconsideration (Doc. 16), and Motion to Amend Deficiencies (Doc. 17).

15

defendants have a duty to avoid unnecessary costs of serving the summons, and any such defendant who fails to comply with the request for waiver must bear the costs of personal service unless good cause can be shown for the failure to return the waiver. Fed. R. Civ. P. 4(d)(2). Generally, a defendant who timely returns the waiver is not required to answer the complaint until sixty days after the date that the marshal sent the request for waiver. Fed. R. Civ. P. 4(d)(3).

## INSTRUCTIONS TO PLAINTIFF

It is further ORDERED that plaintiff shall serve upon defendant or, if appearance has been entered by counsel, upon defendant's attorney, a copy of every further pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed with the Clerk of Court a certificate stating the date a true and correct copy of any document was mailed to defendant or their counsel. Fed. R. Civ. P. 5. "Every pleading shall contain a caption setting forth the name of the court, the title of the action, [and] the file number." Fed. R. Civ. P. 10(a). Any paper received by a district judge or magistrate judge which has not been filed with the Clerk and which fails to include a caption or a certificate

16

of service will be disregarded by the Court and returned to the sender.

Plaintiff is charged with the responsibility of immediately informing this Court of any change of address during the pendency of this action. Local Rule 11.1. Failure to do so may result in dismissal of this case. Local Rule 41.1.

Plaintiff is responsible for pursuing this case. For example, if plaintiff wishes to obtain facts and information about the case from defendants, plaintiff must initiate discovery. See generally Fed. R. Civ. P. 26, et seq. Plaintiff does not need the permission of the Court to begin discovery. However, under Rule 26(f), plaintiff is under a duty to confer with opposing counsel to develop a plan of discovery and must do so before seeking discovery from any source. See Fed. R. Civ. P. 26(d), (f). If plaintiff does not press the case forward, the Court may dismiss it for want of prosecution. Fed. R. Civ. P. 41.

Interrogatories and requests for the production of documents provide a practical method of discovery for pro se litigants. Fed. R. Civ. P. 33, 34. Interrogatories and requests for production may be served only on a party to the litigation, and, for the purposes of the instant case, this means that interrogatories should not be directed to

persons or organizations that are not named as defendants. Interrogatories and requests for production <u>shall not be filed with the court</u>. Interrogatories are not to contain more than twenty-five questions. Fed. R. Civ. P. 33(a). If plaintiff wishes to propound more than twenty-five interrogatories to a party, plaintiff must have permission of the Court. <u>Id</u>. Fed. R. Civ. P. 33(a). In a request for production, plaintiff may request the opposing party to produce any designated documents for the purpose of inspection and copying. "The request shall set forth the items to be inspected either by individual item or by category, and describe each item and category with reasonable particularity." Fed. R. Civ. P. 34(b). The request should specify a reasonable time and place (such as defendant's place of business) for making the inspection.

Should it become necessary to file a motion to compel discovery, Fed. R. Civ. P. 37, plaintiff should first contact the attorney for defendant to try to work out the problem; if the problem cannot be resolved, plaintiff must file a statement certifying that opposing counsel has been contacted in a good faith effort to resolve any dispute about discovery. Fed. R. Civ. P. 26(c); 37(a)(2)(A). Plaintiff has the responsibility for maintaining his or her own records of the case. If plaintiff loses papers and

needs new copies, plaintiff may obtain them from the Clerk of Court at the standard cost of fifty cents ($.50) per page.

It is the plaintiff's duty to cooperate fully in any discovery which may be initiated by the defendant. Evasive or incomplete responses to discovery will not be tolerated and may subject plaintiff to severe sanctions, <u>including dismissal of this case</u>. Should the defendant endeavor to take plaintiff's deposition, plaintiff shall permit his deposition to be taken and shall answer, under oath or solemn affirmation, any question which seeks information relevant to the subject matter of the pending action.

## **ADDITIONAL INSTRUCTIONS TO PLAINTIFF REGARDING MOTIONS TO DISMISS AND MOTIONS FOR SUMMARY JUDGMENT**

Under this Court's Local Rules, a party opposing a motion to dismiss shall file and serve his response to the motion within fifteen days of its service. "Failure to respond shall indicate that there is no opposition to a motion." Local Rule 7.5. Therefore, if plaintiff fails to respond to a motion to dismiss, the Court will assume that plaintiff does not oppose defendant's motion.

A response to a motion for summary judgment must be filed within twenty days after service of the motion. Local Rule 7.5, 56.1. The failure to respond to such a

motion shall indicate that there is no opposition to the motion. Furthermore, each material fact set forth in the defendant's statement of material facts will be deemed admitted unless specifically controverted by an opposing statement. Should defendant file a motion for summary judgment, you are advised that you will have the burden of establishing the existence of a genuine issue as to any material fact in this case. That burden cannot be met by reliance upon the conclusory allegations contained within the complaint. Should the defendant's motion for summary judgment be supported by affidavit, you must file counter-affidavits if you desire to contest defendant's statement of the facts. Should you fail to file opposing affidavits setting forth specific facts showing that there is a genuine issue for trial, the consequences are these: any factual assertions made in defendant's affidavits will be accepted as true and summary judgment will be entered against you pursuant to Fed. R. Civ. P. 56.

SO ORDERED this **3RD** day of October, 2008.

_____
WILLIAM T. MOORE, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA